IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMONT L'AMOUR CALHOUN,

    Plaintiff,       CV F 05 1345 AWI WMW PC

    vs.          ORDER DISMISSING COMPLAINT
              WITH LEAVE TO
              FILE AN AMENDED COMPLAINT

              (THIRTY DAY DEADLINE)

JAMES YATES, et al.,

    Defendants.

  Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

  This action proceeds on the complaint. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at California State Prison Sacramento, brings this civil rights action against defendant correctional officials employed by the Department of Corrections at Pleasant Valley State Prison.

  Plaintiff's claims in this complaint stem from the loss of personal property. Specifically, Plaintiff alleges that he attempted to mail personal photographs. The envelope containing the photographs was returned the the U.S. Postal Service with the indication that the envelope was received at the post office unsealed and without the contents. Plaintiff's claim is that defendants

refused to conduct an investigation.

To warrant relief under the Civil Rights Act, a plaintiff must allege and show that defendant's acts or omissions caused the deprivation of his constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993).   In order to state a claim under § 1983, a plaintiff must allege that: (1) a person was acting under color of state law at the time the complained of act was committed; and (2) that person's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Paratt v.Taylor, 451 U.S. 527, 535 (1981).

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

> "An unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

1    Here, plaintiff has not alleged any facts which suggest that the deprivation of his personal
2 property was "authorized" under the definition above.  The California Legislature has provided a
3 remedy for tort claims against public officials in the California Government Code, Sections, 900,
4 et seq.  Because plaintiff has not attempted to seek redress in the state system, he cannot sue in
5 federal court on the claim that the state deprived him of property without due process of the law.
6 The court concludes that this claim must, therefore, be dismissed.  The court will, however, grant
7 Plaintiff an opportunity to file an amended complaint.
8    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
9 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
10 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
11 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
12 there is some affirmative link or connection between a defendant's actions and the claimed
13 deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
14 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
15    In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
16 make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended
17 complaint be complete in itself without reference to any prior pleading.  This is because, as a
18 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
19 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
20 longer serves any function in the case.  Therefore, in an amended complaint, as in an original
21 complaint, each claim and the involvement of each defendant must be sufficiently alleged.
22    In accordance with the above, IT IS HEREBY ORDERED that:
23    1.  Plaintiff's complaint is dismissed; and
24    2.  Plaintiff is granted thirty days from the date of service of this order to file a
25 first amended complaint that complies with the requirements of the Civil Rights Act, the Federal
26

1  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
2  docket number assigned this case and must be labeled "First Amended Complaint."  Failure to
3  file an amended complaint in accordance with this order will result in a recommendation that this
4  action be dismissed.

7  IT IS SO ORDERED.

8  **Dated:   April 17, 2008**              /s/  **William M. Wunderlich**
                                    UNITED STATES MAGISTRATE JUDGE

4